John E. MARSHALL, Plaintiff,

v.

S & S MARINE SUPPLY, INC. and Mar-Cin, Inc., et al., Defendants.

Civ. A. No. 86–43–N.

United States District Court, E.D. Virginia, Norfolk Division.

Feb. 26, 1987.

Ronald L. Smith, Maust and Smith, Hampton, Va., for plaintiff.

R. Aruther Jett, Jr., Jett, Berkley, Furr & Price, Norfolk, Va., for defendants.

### ORDER

CLARKE, District Judge.

Plaintiff brings this suit pursuant to 46 U.S.C.A. §§ 10301–10305, 10313 (West 1986) for the recovery of certain seaman's wages. Specifically, plaintiff alleges that

he is entitled to $3,500.00 in "wages" for services rendered as a cook aboard the F/V MAR CIN II.

This matter was originally set for trial on January 28, 1987. However, at the final pretrial conference, the Court requested that the parties brief the issue of liability. Both parties have submitted the requested briefs, and hence, this issue is ready for the Court's determination.

For the reasons set forth below, the Court DISMISSES plaintiff's suit for seaman's wages under 46 U.S.C.A. §§ 10301–10305, 10313 and foregoes ruling on the implied contract issue pending resolution of defendant's Petition currently before the Regional Director of NOAA.

### Factual Background and Pleadings

By oral agreement, plaintiff agreed to cook for the crew of the F/V MAR CIN II in return for a share of the scallop harvest. Plaintiff had never before worked on a scallop boat, and his duties were limited to cooking for the crew. On February 27, 1986, the F/V MAR CIN II embarked upon a scalloping expedition in the Atlantic Ocean. When the F/V MAR CIN II returned to Hampton, Virginia on March 19, 1986, National Oceanic and Atmospheric Administration (NOAA) agents seized the F/V MAR CIN II's entire scallop catch. Apparently, the scallops were below the legal size for harvesting in violation of the Magnuson Fishery Conservation and Management Act, 16 U.S.C.A. §§ 1801–1861 (West 1985).

After the seizure, the NOAA agents immediately sold the scallop catch for $35,-586.75, and NOAA currently holds the proceeds of this sale in an escrow account. Defendants petitioned the District Director of NOAA to return these proceeds. However, the District Director has not yet ruled on the Petition. To date, no one associated with the scallop voyage has received any money in the form of profits or shares. Defendant stated that if it is successful in recovering any proceeds from NOAA, it will distribute a pro-rata share of those proceeds to the F/V MAR CIN II's crew.

Based on the foregoing factual background, plaintiff filed suit on April 10, 1986 "under Title 46 of the United States Code." Plaintiff's Complaint failed to specify under which part of Title 46 he was suing. However, plaintiff's Complaint stated that "he was entitled to be paid $3,500.00 in *wages* for which he made demand," and plaintiff moved the Court to grant "applicable *penalties,* interests and attorney's fees" (emphasis added). Therefore, because of the tenor of plaintiff's Complaint, the Court assumed plaintiff was suing under the "wage" statutes found in Title 46. *See* 46 U.S.C.A. §§ 10313 (West 1986).

In response to the Court's request, defendants and plaintiff submitted briefs on the issue of liability. Defendants, in their brief, refer the Court to 46 U.S.C.A. § 10301(b) which states:

(b) This chapter does not apply to a vessel on which the seamen are entitled by custom or agreement to share in the profit or result of a voyage.

Defendants also refer the Court to 46 U.S.C.A. § 10313(h)'s penalty provision which states:

(h) Subsections (f) and (g) [penalty provisions] of this section do not apply to a fishing or whaling vessel or a yacht.

Based on the language in these two provisions of Title 46, it is defendants' position that plaintiff, who agreed to work for a share of the "profit or result of the voyage," cannot state a claim for seaman's wages or penalties under 46 U.S.C.A. § 10313.

Defendants also addressed an "implied contract" issue. In their brief, defendants argue that plaintiff is not entitled to seaman's wages, and due to the unexpected seizure of the scallop catch, plaintiff is not entitled to any remuneration under the share agreement because the fishing voyage failed. Defendants argue that when NOAA seized the scallop catch, performance of the share agreement became legally impossible because there were no proceeds to distribute.

In his brief, plaintiff never addressed the applicability of the wage provisions of Title 46. 46 U.S.C.A. § 10301–10305, 10313 (West 1986). Instead, plaintiff argued that the captain and crew of the F/V MAR CIN II acted in bad faith when they harvested undersized scallops and that defendants thereby breached their implied share agreement with plaintiff. Consequently, plaintiff contends seizure of the scallop catch did not render performance of the share agreement legally impossible.

### Discussion

Because of the inconsistency between plaintiff's Complaint and his brief on the issue of liability, it is unclear under which theory of recovery plaintiff wishes to proceed. Apparently, plaintiff advances two theories: (1) an action for seaman's wages under 42 U.S.C.A. § 10313 and (2) an action for his pro-rata share of the proceeds of the voyage under an implied contract theory.

Regarding the issue of seaman's wages, the Court must agree with defendants that plaintiff cannot recover such wages or penalties. The reasons are relatively obvious.

■ To recover seaman's wages under 46 U.S.C.A. § 10313, the seaman must have first made a "shipping articles agreement" in writing with the master of the vessel. 46 U.S.C.A. § 10302 (West 1986). The undisputed facts show plaintiff made no such agreement. Second, the seaman must be entitled to *wages* not shares. The language of 46 U.S.C.A. § 10301 is clear that a seaman who agrees to work for a share of the profits or results of the voyage is not protected by Title 46 U.S.C.A. § 10313. This obvious interpretation of 46 U.S.C.A. § 10301 is also supported by case law. *See Sigurjonsson v. Trans-American Traders, Inc.,* 188 F.2d 760 (5th Cir.1951); *Old Point Fish Co. v. Haywood,* 109 F.2d 703 (4th Cir.1940).

■ Borrowing liberally from the language in *Sigurjonsson,* it is abundantly clear that plaintiff is not a seaman entitled to seaman's wages or penalties under 46 U.S.C.A. § 10313. The undisputed facts indicate that plaintiff was employed to cook for a share of the profits or result of the voyage. Plaintiff was a participant in a joint venture, and as such, plaintiff was entitled to no compensation until the F/V MAR CIN II's earnings were ascertained and liquidated. The implied employment contract between plaintiff and defendants did not contemplate the payment of "wages", and hence, plaintiff cannot sue for wages. *See Sigurjonsson,* 188 F.2d at 762; *Old Point Fish Co.,* 109 F.2d at 706.

Accordingly, for the reasons set forth above, plaintiff's suit for seaman's wages under 46 U.S.C.A. §§ 10301–10305, 10313 is DISMISSED.

However, there still remains the issue of whether plaintiff is nonetheless entitled to damages resulting from defendants' alleged bad faith breach of the oral share agreement. The Court shall forego any decision on whether it has jurisdiction over such a contract claim and shall forego ruling on the merits of the contract claim and defendants' counterclaim. The Court will not decide these issues until the Regional Director of NOAA decides whether to return the proceeds of the seized scallop catch to defendants. In the event NOAA's Regional Director decides to return these proceeds to defendants, the contract issue would be moot.

Finally, both parties are ORDERED to keep this Court advised, on a monthly basis, as to any developments regarding the Petition currently before NOAA.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiff and defendants.

IT IS SO ORDERED.